IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**ETTA JANE PATTON,**

    **Plaintiff,**

v.                                                                    Case No.: 1:15-cv-15984

**NANCY A. BERRYHILL,**[1]
**Acting Commissioner of the**
**Social Security Administration,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

This action seeks a review of the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying Plaintiff's applications for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. This case is assigned to the Honorable David A. Faber, United States District Judge, and was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court is the Commissioner's Motion to Dismiss. (ECF No. 5). Although more than adequate time has been provided, Plaintiff has failed to file a response to the Motion to Dismiss. Accordingly, the motion is ready for

---

[1] Pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil Procedure, the current Acting Commissioner of the Social Security Administration, Nancy A. Berryhill, is substituted for former Acting Commissioner Carolyn W. Colvin as Defendant in this action.

1

disposition.

For the following reasons, the undersigned **RECOMMENDS** that the Commissioner's Motion to Dismiss be **GRANTED**, that the complaint be **DISMISSED**, **with prejudice,** and this matter be removed from the docket of the Court.

## I. Procedural History

Plaintiff, Etta Jane Patton ("Claimant"), filed applications for SSI and DIB, which were denied initially and upon reconsideration. (ECF No. 5-1 at 9). On May 9, 2013, Claimant filed a request for an administrative hearing, which was held on January 23, 2014 before the Honorable Jeffrey J. Schueler, Administrative Law Judge ("ALJ"). (*Id.*). On February 21, 2014, the ALJ issued a written decision denying Claimant's applications. (*Id.* at 9-20). Thereafter, Claimant formally requested that the Appeals Council review the ALJ's unfavorable decision. On May 29, 2015, the Appeals Council denied the request for review. (ECF No. 5-1 at 27-30). In the Notice of Appeals Council Action, Claimant was explicitly advised that 42 U.S.C. § 405(g) allowed her sixty days in which to file a complaint seeking judicial review of the Commissioner's final decision. (*Id.* at 4, 29). A copy of the denial notice was sent to Claimant at her address on record and was simultaneously provided to her legal counsel. (*Id.* at 4, 30). Claimant did not institute a civil action within the sixty-day period. Moreover, she did not request an extension of time in which to file the civil action. (*Id.* at 4-5).

On December 9, 2015, more than 120 days after expiration of the limitations period, Claimant filed the complaint in this action. (ECF No. 1). On February 3, 2016, the Commissioner moved to dismiss the complaint on the basis that it was not timely filed. (ECF No. 5). The Commissioner's motion to dismiss and its supporting memorandum were served on Claimant in accordance with the Federal Rules of Civil Procedure; however, she failed to

file a response in opposition to the motion.

## II. Discussion

The Commissioner argues that the complaint should be summarily dismissed, because it was not timely filed. Title 42 U.S.C. § 405(g) provides exclusive jurisdiction for judicial review of disability-related claims. Section 405(g) states, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

*Id.* Through this language, the statute establishes a limitations period of sixty days for the filing of a civil action contesting a final decision of the Commissioner. At the expiration of the sixty days, the Commissioner may assert the agency's sovereign immunity from litigation, which precludes judicial review unless the Commissioner grants Claimant "further time." Because Section 405(g) codifies a waiver to federal sovereign immunity, any condition of that waiver must be strictly construed. *Bowen v. City of N.Y.,* 476 U.S. 467, 479 (1986). The limitations period must also be meticulously applied, because it furthers a significant government interest in the efficient resolution the agency's multitudinous claims. *Id.* at 481. ("[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually.").

Despite substantial reasons for enforcing the statute of limitations, a district court may occasionally toll the sixty-day period "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Id.* at 480. In determining whether equitable tolling is appropriate, the court will generally consider how diligent the claimant has been in actively pursuing his rights. *Bush v. Comm'r*

*of Soc. Sec. Admin.*, No. CV 1:14-4917-RMG, 2015 WL 5916217, at *2 (D.S.C. Oct. 8, 2015). The United States Supreme Court makes clear that "courts should not equitably toll a limitations period for 'a garden variety claim of excusable neglect.'" *Delapara v. Colvin*, No. 3:16CV74 (HEH), 2016 WL 5024230, at *2–3 (E.D. Va. Aug. 19, 2016), *report and recommendation adopted,* No. 3:16CV74-HEH, 2016 WL 5019169 (E.D. Va. Sept. 16, 2016) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Instead, equitable tolling is appropriate only when a litigant can establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin*, 498 U.S. at 96).

In this case, there is no doubt from the record that Claimant allowed the sixty-day period to expire months before filing her complaint. Similarly, there is no evidence that Claimant ever requested an extension of time from the Commissioner, or that the Commissioner granted such an extension. Consequently, the complaint was not timely filed. As Claimant offers no evidence or argument to demonstrate that she actively pursued her rights, but was thwarted by some extraordinary circumstance, the Court cannot reasonably apply the principle of equitable tolling. Therefore, the undersigned **FINDS** that Claimant's complaint was not timely filed, and there is no good cause basis upon which to justify the application of equitable tolling.

### III.    Recommendations for Disposition

Based on the foregoing, the undersigned United States Magistrate Judge respectfully **PROPOSES** that the presiding District Judge confirm and accept the findings herein and **RECOMMENDS** that the District Judge **GRANT** Defendant's Motion to Dismiss, (ECF No. 5), **DISMISS** the complaint, with prejudice, and remove this case from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and an additional three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to provide a copy of the same to counsel of record.

**FILED:**  May 24, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge